Christopher Carney (SBN 328367)
Angelica K. Weber (SBN 291811)
**LAW OFFICES OF WEBER & WEBER**
221 E. Glenoaks Boulevard, Suite 107
Glendale, CA 91207
Telephone: (818) 502-9200
Fax: (818) 502-9265
Email: cc@weber4law.com
        aw@weber4law.com

Attorneys for Plaintiff MAIKI YAMADA

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| MAIKI YAMADA, on behalf of himself and all other similarly situated,<br><br>        *Plaintiff(s)*,<br><br>  vs.<br><br>UNITED STATES FIRE INSURANCE COMPANY, a Delaware corporation; CRUM & FORSTER HOLDING CORPORATION, a Delaware corporation; COVER GENIUS INSURANCE SERVICES, LLC (DBA RENTALCOVER.COM), a Delaware limited liability company; DARCY RITTINGER, an individual; WESLEY JOHNSON, an individual; and DOES 1-100, inclusive,<br><br>        Defendants. | Case No.:<br><br>**CLASS ACTION AND INDIVIDUAL COMPLAINT FOR DAMAGES FOR:**<br><br>**1. BREACH OF CONTRACT,**<br><br>**2. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING,**<br><br>**3. INTENTIONAL MISREPRESENTATION,**<br><br>**4. BAD FAITH DENIAL OF INSURANCE CLAIM,**<br><br>**5. VIOLATIONS OF CAL. BUS. & PROF. CODE §§ 17200, *ET SEQ.*, and**<br><br>**6. UNJUST ENRICHMENT**<br><br>**DEMAND FOR JURY TRIAL** |

## TABLE OF CONTENTS

**I. INTRODUCTION** ...............................................................................................**3**

**II. PARTIES** ......................................................................................................**4**

**III. STATEMENT OF FACTS** ...............................................................................**7**

**IV. JURISDICTION AND VENUE** .......................................................................**13**

**V. CLASS ALLEGATIONS** .................................................................................**14**

**VI. CAUSES OF ACTION AND CLAIMS FOR RELIEF** ........................................**18**

  **FIRST CAUSE OF ACTION (For Breach of Contract Against All Defendants)** ..**18**

  **SECOND CAUSE OF ACTION (For Breach of Implied Covenant of Good Faith and Fair Dealing Against All Defendants)** .......................................................**19**

  **THIRD CAUSE OF ACTION (For Intentional Misrepresentation Against Cover Genius Insurance Services, LLC (dba Rentalcover.com), United States Fire Insurance Company, and Crum & Forster Holding Corp.)** ...............................**20**

  **FOURTH CAUSE OF ACTION (For Bad Faith Denial of Insurance Claim Against All Defendants)** ..................................................................................**20**

  **FIFTH CAUSE OF ACTION (For Violations of Cal. Bus. & Prof. Code §§ 17200, _et. seq._, Against All Defendants)** ...................................................................**22**

  **SIXTH CAUSE OF ACTION (For Unjust Enrichment Against All Defendants)** .**24**

**VII. PRAYER FOR RELIEF** ................................................................................**25**

//
//
//
//
//
//
//

**CLASS ACTION AND INDIVIDUAL COMPLAINT FOR DAMAGES**

Maiki Yamada ("Plaintiff"), by and through his attorneys, bring this action on behalf of himself, and all others similarly situated, against Defendants UNITED STATES FIRE INSURANCE COMPANY, a Delaware corporation; CRUM & FORSTER HOLDING CORPORATION, a Delaware corporation; COVER GENIUS INSURANCE SERVICES, LLC (DBA RENTALCOVER.COM), a Delaware limited liability company; DARCY RITTINGER, an individual; WESLEY JOHNSON, an individual; and DOES 1-100, inclusive (collectively, "Defendants"). Plaintiff hereby alleges:

# I. INTRODUCTION

1.  This action arises from Defendants' bad faith denial of collision damage protection purchased by Plaintiff and putative class members. Defendants decided *at the time of the claim* that Plaintiff and putative class members were ineligible for coverage because someone besides the named insured paid for the insurance premium. Defendants alleged this constituted a material concealment or misrepresentation by Plaintiff and putative class members, in the application, and/or an attempt to transfer coverage. Consequently, Defendants denied coverage, rescinded the policy, and returned the premium.

2.  Defendants' allegations at the time of the claim that Plaintiff and putative class members concealed or misrepresented facts in the application, and/or attempted to transfer coverage, by having someone else pay the premium for the named insured, are false and misleading. Even so, Defendants' allegations would constitute *non*material facts that did not increase the risks insured against under the policy, since who paid is not related to the risk assumed by Defendants or its acceptance of that risk. Nor is someone else paying the premium for the named insured prohibited under Defendants' written policy of insurance with Plaintiff and putative class members, which indeed expressly allows it. Lastly, Defendants clearly advertised on their website that it was permitted for consumers to have premiums paid for by someone else including "a card that's under a different name."

3.  Defendants' bad faith conduct toward Plaintiff and putative class members evinces a practice of post-claims underwriting. If there is a claim, as was the case with Plaintiff

and putative class members, Defendants allege false, misleading, and *non*material concealments or misrepresentations to deny eligibility, rescind the policy, and return the premium. By doing so, Defendants avoid payment of claims that would cost more than the premium. If there is no claim, Defendants simply keep the premium.

4. This is not how insurance works. Nor should it be. Insurance contractually obligates the insurer to pay benefits to the insured under the policy. Defendants' financial benefit, from collecting premiums and avoiding the payout of claims, comes at the expense of Plaintiff and putative class members, who are left cheated out of coverage at the time when they needed insurance the most—and indeed thought they had it.

## II. PARTIES

5. Plaintiff and putative class representative, MAIKI YAMADA ("Plaintiff,"), is a Japanese student residing in the United States for college. He came to California in August 2023, to study accounting at Orange Coast College, where he enrolled in September 2023. On or around November 22, 2023, he rented a car from LAX TRANSPORTATION, LLC (dba OK Rent-A-Car), which is a boutique car rental agency that operates its principal place of business and rental location in Los Angeles, California. OK Rent-A-Car seeks to provide excellent service to its customers, with a focus and niche serving southern California's Japanese population. Plaintiff and putative class representative visited OK Rent-A-Car at its location in Los Angeles, which is where Plaintiff bought the insurance coverage with Defendants that is the subject of this dispute.

6. Defendant UNITED STATES FIRE INSURANCE COMPANY ("USFIC") is a Delaware corporation, with its principal place of business at 305 Madison Avenue, Morristown, NJ, 07960, and is a wholly owned subsidiary of Defendant CRUM & FORSTER HOLDING CORP. Defendant USFIC underwrites insurance policies under numerous lines of business including but not limited to travel protection insurance, of which its collision damage protection is a part, in this District, in the state of California, in the United States, and worldwide. At all times relevant to this Complaint, acting alone or in concert with others, Defendant USFIC has underwritten, provided, and sold travel

protection insurance, of which its collision damage protection is a part, to Plaintiff and putative class members, in this District, and in the state of California.

7.  Defendant CRUM & FORSTER HOLDING CORP. is a Delaware corporation, with its principal place of business at 305 Madison Avenue, Morristown, NJ, 07962. It is a wholly owned subsidiary of Fairfax Financial Holdings Limited, a Canadian company based in Toronto, Ontario. Defendant CRUM & FORSTER HOLDING CORP. is a holding company for its seven subsidiaries, including Defendant USFIC, producing insurance in numerous lines of business in this District, in the state of California, in the United States, and worldwide. At all times relevant to this Complaint, acting alone or in concert with others, Defendant CRUM & FORSTER HOLDING CORP. has sold, underwritten, provided, financed, paid claims related to, and administered travel protection insurance, of which its collision damage protection is a part, to Plaintiff and putative class members, in this District, and in the state of California.

8.  Defendant COVER GENIUS INSURANCE SERVICES, LLC (dba RENTALCOVER.COM), is a Delaware limited liability company, with its principal place of business at 11 W 42nd Street, 30th Floor, New York, NY, US 10036. Defendant RENTALCOVER.COM markets, advertises, and sells insurance policies in this District, in the state of California, in the United States, and worldwide, through its online platforms and apps. At all times relevant to this Complaint, acting alone or in concert with others, Defendant RENTALCOVER.COM has marketed, advertised, and sold travel protection insurance, of which its collision damage protection is a part, to Plaintiff and putative class members in this District, and in the state of California.

9.  Defendant DARCY RITTINGER is a licensed insurance producer with his/her principal place of business at 11 W 42nd Street, 30th Floor, New York, NY, US 10036. Defendant DARCY RITTINGER sells and has sold insurance for Defendants including but not limited to travel protection insurance, of which collision damage protection is a part, in this District, in the state of California, in the United States, and worldwide. At all times relevant to this Complaint, acting alone or in concert with others, Defendant

DARCY RITTINGER marketed, advertised, and sold travel protection insurance, of which collision damage protection is a part, to Plaintiff and putative class members, in this District, and in the state of California.

10. Defendant WESLEY JOHNSON is a licensed insurance producer with his/her principal place of business at 3506 Gannan Lake Ct, Katy, TX, US 77493. Defendant WESLEY JOHNSON sells and has sold insurance for Defendants including but not limited to travel protection insurance, of which collision damage protection is a part, in this District, in the state of California, in the United States, and worldwide. At all times relevant to this Complaint, acting alone or in concert with others, Defendant WESLEY JOHNSON marketed, advertised, and sold travel protection insurance, of which collision damage protection is a part, to Plaintiff and putative class members, in this District, and in the state of California.

11. The true names and capacities, whether individual, corporate, associate, or otherwise of the defendants named herein as DOES 1 through 100, inclusive, are unknown to Plaintiff and putative class members at this time, and who therefore sue DOES 1 through 100 by fictitious names. Plaintiff and putative class members will seek leave of Court to amend this Complaint to show the true names and capacities of DOES 1 through 100 when the same are ascertained; DOES 1 through 100 are sued as principals and/or agents, servants, attorneys, and/or employees of said principals and/or agents. All the acts performed by them were within the course and scope of their authority and employment. Plaintiff and putative class members are informed and believe and thereupon allege that each of DOES 1 through 100 is legally responsible in some manner for the events and happenings referred to herein, and directly and proximately caused the damages and injuries to Plaintiff and putative class members, as hereinafter alleged.

12. All defendants, collectively, are hereinafter referred to as Defendants.

//

//

//

### III. STATEMENT OF FACTS

13. On November 22, 2023, Plaintiff and putative class representative, MAIKI YAMADA ("Plaintiff"), rented a vehicle from LAX Transportation, LLC (dba "OK Rent-A-Car"). Plaintiff and putative class representative is a Japanese student residing in the United States for college. He came to California in August 2023, to study accounting at Orange Coast College, where he enrolled in September 2023. He was referred to OK Rent-A-Car, which is a boutique car rental agency primarily catering to and serving southern California's Japanese population, through a friend.

14. OK Rent-A-Car's principal place of business and sole rental location is in Los Angeles, California. It is a for-profit, small business concern, certified as a disadvantaged business enterprise. The two primary operators are also licensed insurance producers and offer their customers a collision damage waiver ("CDW") as part of their standard rental car agreement.

15. Plaintiff and putative class representative declined to purchase OK Rent-A-Car's CDW. Instead, Plaintiff and putative class members opted to purchase Defendants' RENTALCOVER.COM's "Collision Damage Protection," ("CDP"), marketed, advertised, and sold online as a faster, cheaper, and easier alternative to a rental car agency's CDW or supplemental coverage through something like a personal credit card.

16. Defendants' CDP coverage was at all times relevant to this action sold, marketed, and advertised by Defendant COVER GENIUS INSURANCE SERVICES, LLC (dba RENTALCOVER.COM), insurance producers and Defendants DARCY RITTINGER and WESLEY JOHNSON; and underwritten by Defendant UNITED STATES FIRE INSURANCE COMPANY ("USFIC"), a wholly owned subsidiary of Defendant CRUM & FORSTER HOLDING CORP., who administered CDP coverage and paid claims.

17. According to its website, RENTALCOVER.COM's CDP offers and offered "primary coverage" to Plaintiff and putative class members for collision damage to their rental vehicles, up to the policy limits of $35,000, $50,000, or $75,000. In addition, CDP provided coverage for other types of damage including but not limited to theft,

vandalism, loss of use, and natural disasters. (See Figure 1). Defendants' website highlights its "$0 deductible" plan and asserts claims that their CDP is "50% cheaper than the rental companies."[1]



*Figure 1: Rentalcover.com's Website's Comparison of CDW vs. CDP*

---

[1]  According to their website, Defendants "compared the costs of collision damage protection via RentalCover.com to the average cost of collision or loss damage waivers (including taxes and fees) for a one week rental (August 2 - 8, 2021). Cost comparison is in U.S. dollars and is based on online quotes provided by Alamo, Avis and Hertz for an airport pickup and drop-off of a compact car in Miami, Dallas, Las Vegas, Orlando, and Chicago Rockford for a U.S resident over age 25. No discounts applied. Please note that the products available from Alamo, Avis, and Hertz compared are non-insurance Collision Damage Waiver products whereas our product available to U.S. residents is a travel protection plan that includes insurance coverage for Rental Car Damage and Theft. The average daily rate for a Collision Damage Waiver from the rental companies surveyed for the selected dates was $29, with an average deductible of $1,767. Damage costs are referenced from iii.org."

**CLASS ACTION AND INDIVIDUAL COMPLAINT FOR DAMAGES**

18. Although Plaintiff and putative class representative declined to purchase OK Rent-A-Car's CDW, its managers, operators, and/or employees assisted Plaintiff and putative class members in purchasing Defendants' low-cost option. Managers, operators, and/or employees of OK Rent-A-Car paid the premium for Defendants' CDP on behalf of Plaintiff and putative class members, who were the named insured. This was done according to Defendants' website, which expressly states that purchasers "can also use a card that's under a different name." (See Figure 2) (emphasis added).



HOW CAN WE HELP?   >   PAYMENTS   >   CAN I USE A DIFFERENT CREDIT CARD FOR MY INSURANCE BOOKING VS THE RENTAL CAR?

## Can I use a different credit card for my insurance booking vs the rental car?

RentalCover does not require you to use the same card as your protection purchase when making a rental booking, or when you need to pay for damages or repair costs. You can also use a card that's under a different name.

Even though RentalCover does not have any restrictions on which credit card you can use when purchasing protection, your rental company might. Please check with your rental company by contacting them directly.

*Figure 2: Rentalcover.com's Website's Payment Policy*

19. After the premium was paid, Plaintiff and putative class representative immediately received a confirmation email from Defendants. The email confirmed the "issue date" of the policy as November 22, 2023, which was the same date Plaintiff and putative class representative rented cars. The confirmation email provided a "reference"

**CLASS ACTION AND INDIVIDUAL COMPLAINT FOR DAMAGES**

number and stated "plan details" that included the "start date" of coverage as the same day. This confirmation that the premium was paid, and that coverage was in effect, was completed and confirmed before Plaintiff and putative class representative took possession of the rental car and left OK Rent-A-Car's property. The rental car was the only travel arrangements made by Plaintiff and putative class representative.

20. On December 4, 2023, Plaintiff and putative class representative was involved in a traffic collision. Estimates of the property damage amounted to $8,890.22, with additional damage arising from loss of use in the amount of $2,262.00. In total, Plaintiff and putative class representative suffered a loss of $11,152.22, well within the policy limits of $35,000, which he purchased from Defendants. After the collision, Plaintiff and putative class representative immediately contacted OK Rent-A-Car and sought their help in submitting a claim to Defendants.

21. On or around December 12, 2023, Defendants contacted OK Rent-A-Car after they had assisted Plaintiff and putative class representative in submitting a claim. Defendants requested that claims be submitted through their online portal. On the same day, again with the help of the managers, operators, and/or employees of OK Rent-A-Car, Plaintiff and putative class representative submitted a claim for his loss of December 4, 2023, through Defendants' online portal.

22. According to their website, Defendants' aim was to complete claims within 3 business days "after the policy is completed." (See Figure 3). However, in other places on its website, Defendants' state CDP claims "normally take between 4-5 weeks to be assessed," though maybe longer.

**CLASS ACTION AND INDIVIDUAL COMPLAINT FOR DAMAGES**

**Submitting a claim**

All claims must be submitted online. We recommend that you use a computer instead of a mobile phone for easier document uploading. Just enter your Reference Number (this ends with "INS" and can be found on your confirmation email).

After the policy is completed and the damage charge has been settled with the rental company, please submit your online claim and attach any supporting documents. You can click on the button below to get started.

Make a Claim

**1** Claim is started via the online claim form

**2** Our Claims Team will assess your claim

**3** Once approved we will either pay the rental company or if they charged you, we will email you a payment link via email and text message

**4** Payment will be issued via electronic payment

We will keep you updated by email at every step of the claims journey. With the exception of Supplemental Liability Insurance claims (for US rentals), we aim to complete your claim within 3 business days. Claims involving multiple vehicles may take longer. Learn more about the documents you need to share when making a claim

*Figure 3: Rentalcover.com's Website's Claim Information*

23. Although Defendants do not provide any information on their website about the approval rate of CDP claims they receive, Defendants do state that "50% of *approved*" claims are paid to rental companies within 5-10 business days, while "the others" are reimbursed to renters. (See Figure 4) (emphasis added). No information is provided about the number of CDP claims Defendants deny in California or in the United States.[2]

---

[2] Defendants operate RENTALCOVER.COM worldwide. According to its website "95%" of CDP claims are approved in the United Kingdom, the Netherlands, Poland, Sweden, Denmark, Russia, Catalonia, Greece, Indonesia, Slovenia, the Ukraine, Germany, Israel, Turkey, Thailand, Croatia, Hungary, Latvia, Romania, Slovakia, Vietnam, France, Italy, Brazil, Portugal, Finland, the Czech Republic, Bulgaria, Estonia, Iceland, Lithuania, and Serbia.

**CLASS ACTION AND INDIVIDUAL COMPLAINT FOR DAMAGES**

**How and when are claim payments made?** ^

50% of approved Collision Damage Waiver (CDW) claims are paid directly to rental companies within 5-10 business days while the others are reimbursed to renters. It can take longer if documents are missing, so please provide the requested documents at the start. Some CDW claims can take longer to determine liability if there are multiple vehicles while the process for Supplemental Liability Insurance can also be lengthy. If you require reimbursement for damages paid to the rental company, you will receive an email that includes a link to a payment form where you will enter your bank account details. Payments will be issued via electronic payment.

*Figure 4: Rentalcover.com's Website's Claims Approval Rate*

24. Defendants' website also lists eight (8) documents that they need to process CDP claims. Defendants' "required evidence" to process claims include (in order listed on their website): "1. A COPY OF THE VEHICLE RENTAL AGREEMENT [¶¶;] 2. A PHOTO OF YOUR DRIVER'S LICENSE [¶¶;] 3. BANK OR CREDIT CARD STATEMENT WITH THE FINAL RENTAL COMPANY CHARGES [¶¶;] 4. THE REPAIR INVOICE FROM THE RENTAL COMPANY [¶¶;] 5. PROOF OF CORRESPONDENCE BETWEEN THE DRIVER AND THE RENTAL COMPANY [¶¶;] 6. YOUR FINAL INVOICE FROM THE RENTAL COMPANY [¶¶;] 7. POLICE REPORT [¶¶;] 8. DAMAGE REPORT". Defendants prompt customers that if they do not have these documents, then they can submit "photos, correspondence about the incident, etc." Nowhere is it mentioned on its website, or in its written policy, that Defendants require a bank or credit statement evidencing that Plaintiff and putative class representative *personally* purchased Defendants' CDP coverage.

25. Instead of paying Plaintiff's and putative class member's claim, Defendants denied the claim, rescinded the policy, and returned the premium. Defendants found that "coverage is not afforded under the term of the policy." Defendants alleged that Plaintiff and putative class representative concealed or misrepresented that OK Rent-A-Car paid the premium, and, as such, Plaintiff was ineligible for coverage. Further, Defendants

alleged that because the policy was "purchased by the rental company," it is "not transferrable to the renter."

26. Defendants' denial letter mistakenly relies on and quotes *default* language from its master policy that was modified by an endorsement for purposes of coverage in California. According to the *California* endorsement, Defendants' CDP insurance confers eligibility to: "A person who is booked to travel on a Trip and pays the required premium is covered under this policy." (See "Exhibit 1," Individual Travel Protection Insurance Policy, Amendatory Endorsements, "CALIFORNIA," at p. 15).

27. While "person" is not defined under the policy, "You" is defined to mean "the person that is scheduled to participate on a Trip; *for whom* any required enrollment has been completed and the required premium has been paid." (*Id.* at 9) (emphasis added). There is nothing in the policy that requires the person taking the "Trip" to *personally* pay the premium. In fact, Defendants' website explicitly states that their CDP coverage can be purchased with "a card that's under a different name."

28. Following Defendants' denial, this action followed.

## IV. JURISDICTION AND VENUE

29. This Court has original jurisdiction over this action, as to the named Plaintiff and every member of the class, under the Class Action Fairness Act ("CAFA"). 28 U.S.C. § 1332(d)(2). In the present action, the class contains more than 100 members, and the aggregate amount in controversy exceeds $5,000,000. *Id.* Additionally, the members of the statewide class reside in California, and are therefore diverse from Defendants, who reside in jurisdictions outside of California. Finally, the Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

30. This Court has personal jurisdiction over Defendants because they have significant minimum contacts with California, and/or they otherwise intentionally availed themselves of the laws and markets of California through marketing, advertising, and sales to consumers in California; and through the Internet to consumers in California. The claims asserted herein arise from Defendants' minimum contacts with California. This

Court's exercise of jurisdiction over Defendants is permissible under traditional notions of fair play and substantial justice.

31. Venue is proper in this District because a substantial part of the events giving rise to Plaintiff's claims occurred in this District. 28 U.S.C. §1391(b)(2). Additionally, Plaintiff, and likely many of the putative class members, reside in this District. Accordingly, Plaintiff and the relevant witnesses are located in this District.

**V. CLASS ALLEGATIONS**

32. Plaintiff brings this class action on behalf of himself individually and all others similarly situated pursuant to Federal Rules of Civil Procedure 23(b)(2) and (b)(3). Plaintiff alleges the following class:

> **Rentalcover.com Class:** The statewide Rentalcover.com Class consists of all persons who purchased CDP insurance from Rentalcover.com for which Rentalcover.com, or its principals or agents, denied coverage, rescinded the policy, and returned the premium because of alleged material concealments or misrepresentations arising from the premium payment for the policy being tendered by someone besides the named insured. Excluded from the Rentalcover.com Class are Defendants, their affiliates, employees, officers, and directors, persons, and entities. Plaintiff reserves the right to amend the Rentalcover.com Class definition if discovery and further investigation reveal that the Class should be expanded or otherwise modified, amended, or changed, and/or that subclasses should be added.

33. This action is properly brought as a class action under Federal Rule of Civil Procedure 23(a) for the following reasons:

(a) **Numerosity (Fed. R. Civ. P. 23(a)(1)):** The proposed statewide Rentalcover.com Class is so numerous and geographically dispersed over the state of California that joinder of all class members is impracticable. While Plaintiff does not

know the exact number and identity of the proposed Rentalcover.com Class members, Plaintiff is informed and believes that there are over 100 class members in the proposed class. The precise number of class members may be ascertained through discovery, and Plaintiff is informed and believes, and thereupon alleges that Defendants possess information relating to the number and identity of the proposed Rentalcover.com Class members.

(b) **Commonality and Predominance (Fed. R. Civ. P. 23(a)(2) and 23(b)(3)):** There are questions of law and fact common to the proposed class which predominate over any questions that may individually affect particular class members. Such common questions of law and fact include, but are not limited to:

i. Whether Rentalcover.com breached its insurance contract with Rentalcover.com Class members,

ii. Whether Rentalcover.com intentionally or negligently misrepresented to Rentalcover.com Class members the terms and conditions of purchasing insurance and paying the premium,

iii.. Whether Rentalcover.com acted in bad faith in denying benefits to Rentalcover.com Class members,

iv. Whether Defendants violated California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*,

v. Whether Plaintiff and the proposed Class members have been harmed and the proper measure of relief.

vi. Whether Plaintiff and the proposed Class members are entitled to an award of punitive damages, attorneys' fees, and expenses against Defendants.

vii. Whether Plaintiff and the proposed Class members are entitled to equitable relief, and if so, the nature of such relief.

(c) **Typicality (Fed. R. Civ. P. 23(a)(3)):** Plaintiff's claims are typical of the claims of the Rentalcover.com Class members because Plaintiff and the Class members have been injured by the same wrongful practices of Defendants. Plaintiff's claims arise

from the same practices and conduct that give rise to the claims of the Class members and are based on the same legal theories.

(d) **Adequacy of Representation (Fed. R. Civ. P. 23(a)(4)):** Plaintiff will fairly and adequately protect the interests of the proposed Class members insofar as he has no interests that are inconsistent with those of the other members of the Class.

34. This action is properly brought as a class action under Federal Rule of Civil Procedure 23(b) for the following reasons: **Declaratory and Injunctive Relief (Fed. R. C. P. 23(b)(2))** is warranted because Defendants acted or refused to act on grounds generally applicable to the Class, thereby making final injunctive, declaratory, or other suitable equitable relief with respect to the Class as a whole, appropriate. Moreover, **Superiority (Fed. R. Civ. P. 23(b)(3))** is warranted because questions of law or fact are common to members of the Class, and these common questions of law or fact predominate over any questions affecting only individual members. Class action treatment is superior to the other available methods for the fair and efficient adjudication of this controversy.

35. The proposed Class is ascertainable and there is a well-defined community of interest in the questions of law or fact alleged herein since the rights of each proposed Class member was infringed upon or violated in the same fashion.

36. A class action is superior to other available methods for the fair and efficient adjudication of this controversy for at least the following reasons:

(1) Given that the size of the individual claims of Class members may be small and outweigh the expense of litigating those claims, few, if any, Class members could afford to or would seek legal redress individually for the wrongs Defendants committed against them. Absent Class members have no substantial interest in individually controlling the prosecution of individual actions because it is not economical for them.

(2) This class action will promote an orderly and expeditious administration and adjudication of the proposed Class members' claims. This class action will maximize the

time, effort, and resources required to litigate common issues of law or fact; and decisions will be uniform against Defendants and across the Class.

(3) Without a class action, Class members will continue to suffer damages, and Defendants' violations of law will proceed without remedy. As alleged herein, Defendants have reaped and will continue to reap and retain the substantial proceeds of their wrongful conduct.

(4) Plaintiff knows of no difficulty that will be encountered in the management of this litigation which would preclude its maintenance as a class action.

37. Defendants have or have access to, the contact information for the proposed Class members, which may be used for the purpose of providing notice of the pendency of this class action.

38. Plaintiff seeks damages and equitable relief on behalf of the Class on grounds generally applicable to the entire proposed Class.

39. **Application of California Law:** California law should be applied to the statewide class because Defendants' insurance contract has a choice of law provision ensuing that "All policy terms will be interpreted under the laws of the state in which the policy was issued." (Ex. 1, at p. 12). Moreover, Defendants have violated various California common law and consumer protection laws and every part of the events giving rise to Plaintiff's and putative class members' claims occurred in this District and in this state of California. Furthermore, California has an interest in not only protecting its own consumers but also in holding businesses like Defendants that market, advertise, and sell travel protection insurance that is breached in bad faith denials, accountable.

//
//
//
//
//

# VI. CAUSES OF ACTION AND CLAIMS FOR RELIEF

## FIRST CAUSE OF ACTION

### (For Breach of Contract Against All Defendants)

40. Plaintiff re-alleges and incorporates by reference the allegations contained in the entirety of this Complaint as if fully set forth herein.

41. Plaintiff and the Rentalcover.com Class entered contracts with Defendants in exchange for valuable consideration. Specifically, Plaintiff and the Rentalcover.com Class paid money to Defendants for collision damage protection ("CDP").

42. Defendants' CDP contractually obligated Defendants to pay losses up to the policy limit for damages including but not limited to those resulting from collisions, theft, vandalism, loss of use, and natural disasters.

43. After Plaintiff and the Rentalcover.com Class submitted claims, Defendants denied coverage, rescinded the policy, and returned the premiums to Plaintiff and the Rentalcover.com Class.

44. Defendants' denial of coverage and rescission of the policy breached their contractual obligation to pay for the claims of Plaintiff and the Rentalcover.com Class.

45. Defendants breached their contractual obligations to Plaintiff and the Rentalcover.com Class in bad faith.

46. Defendants engaged in post-claims underwriting, in which they would receive premium payments in advance, but then seek pretextual reasons to allege false, misleading, and/or nonmaterial concealments or misrepresentations, in the application, to avoid paying-out claims.

47. Plaintiff and the Rentalcover.com Class were harmed because Defendants did not provide them with benefits due under their insurance policy, at the time of their claim.

48. Specifically, Plaintiff lost $11,152.22 in damages due under the policy.

49. Defendants' breach of contract was the sole factor in causing harm to Plaintiff and the Rentalcover.com Class.

## SECOND CAUSE OF ACTION

### (For Breach of Implied Covenant of Good Faith and Fair Dealing Against All Defendants)

50. Plaintiff re-alleges and incorporates by reference the allegations contained in the entirety of this Complaint as if fully set forth herein.

51. Plaintiff and the Rentalcover.com Class entered contracts with Defendants and paid valuable consideration in exchange for insurance. Specifically, Plaintiff and the Rentalcover.com Class paid money to Defendants for CDP.

52. Defendants' CDP contractually obligated Defendants to pay losses up to the policy limit for damages including but not limited to those resulting from collisions, theft, vandalism, loss of use, and natural disasters.

53. After Plaintiff and the Rentalcover.com Class submitted claims, Defendants denied coverage, rescinded the policy, and returned the premiums to Plaintiff and the Rentalcover.com Class.

54. Defendants' denial of coverage, rescission of the policy, and return of the premium, constituted a breach of the implied covenant of good faith and fair dealing.

55. Defendants' reasons for denial and rescission were pretextual, and alleged false, misleading, and/or nonmaterial concealments or misrepresentations, in the application, to avoid paying out claims to Plaintiff and the Rentalcover.com Class.

56. By doing so, Defendants did not act fairly and in good faith. Instead, Defendants' breached the implied covenant of good faith and fair dealing in rescinding a policy for insurance after a claim was filed.

57. Plaintiff and the Rentalcover.com Class were harmed by Defendants' failure to pay out collision damage benefits due under the policy.

58. Specifically, Plaintiff lost $11,152.22 in damages due under the policy.

59. Defendants' breach of implied covenant of good faith and fair dealing was the sole factor in causing harm to Plaintiff and the Rentalcover.com Class.

### THIRD CAUSE OF ACTION

### (For Intentional Misrepresentation Against Cover Genius Insurance Services, LLC (dba Rentalcover.com), United States Fire Insurance Company, and Crum & Forster Holding Corp.)

60. Plaintiff re-alleges and incorporates by reference the allegations contained in the entirety of this Complaint as if fully set forth herein.

61. Defendants represented to Plaintiff and the Rentalcover.com Class that "A person who is booked to travel on a Trip and pays the required premium is covered under this policy."

62. Moreover, Defendants represented to Plaintiff and the Rentalcover.com Class that insurance coverage can be purchased with "a card that's under a different name."

63. This representation was false because Defendants denied Plaintiff's and the Rentalcover.com Class's claims because of an alleged concealment or misrepresentation in someone else paying the premium.

64. Defendants knew that the representation was false when it made the representation to Plaintiff and putative class members because Defendants had no intention of paying the claim if someone else paid the premium.

65. Defendants intended Plaintiff and the Rentalcover.com Class to rely on the representation, which they did.

66. Plaintiff and the Rentalcover.com Class were harmed because Defendants did not provide them with benefits due under the policy.

67. Plaintiff and the Rentalcover.com Class's reliance on Defendants' representation was a substantial factor in causing them harm.

### FOURTH CAUSE OF ACTION

### (For Bad Faith Denial of Insurance Claim Against All Defendants)

68. Plaintiff re-alleges and incorporates by reference the allegations contained in the entirety of this Complaint as if fully set forth herein.

69. Defendants have acted in bad faith by failing and/or refusing to fulfill their contractual obligations under insurance policies entered into with Plaintiff and the Rentalcover.com Class.

70. After Plaintiff and the Rentalcover.com Class filed claims, Defendants denied Plaintiff and the Rentalcover.com Class's claims for pretextual reasons involving alleged nonmaterial concealments and/or misrepresentations made by Plaintiff and the Rentalcover.com Class, in the application.

71. These allegations were pretextual and asserted only to avoid paying the claims of Plaintiff and the Rentalcover.com Class.

72. Defendants knew these allegations were false and alleged them anyway to benefit their own financial interest at the detriment of Plaintiff and the Rentalcover.com Class.

73. Defendant knowingly violated fair insurance practices by, among other things, (a) asserting coverage defenses that were legally and/or factually without merit; (b) denying and delaying resolution of Plaintiff and the Rentalcover.com Class's claims; (c) failing and/or refusing to perform a fair, objective, and thorough investigation of the claims and the insurance policy; (d) placing unduly restrictive interpretations on the policy terms for the purpose of denying coverage due under the policy; (e) failing to give Plaintiff and the Rentalcover.com Class's interests as much consideration as their own; and (f) forcing Plaintiff and the Rentalcover.com Class to institute litigation to recover amounts due under the policy.

74. Plaintiff and the Rentalcover.com Class allege that Defendants have engaged in a repeated pattern of unfair practices in denying claims and rescinding policies.

75. Defendants' conduct is not an isolated occurrence, but part and parcel of a larger pattern of unfair practices. This pattern constitutes a conscious policy of wrongfully disregarding the rights of Plaintiff and the Rentalcover.com Class, by denying and rescinding policies for pretextual reasons.

76. Defendants' company's policies and procedures permit, promote, encourage, and establish this wrongful and illegal conduct.

77. As a proximate result of the Defendants' bad faith conduct, Plaintiff and the Rentalcover.com Class have suffered and will continue to suffer damages. These damages include benefits due under the policy and interest thereon, in a total amount to be shown at trial.

78. As a further proximate result of Defendants' bad faith conduct, Plaintiff was compelled to retain legal counsel to obtain benefits due under the policy.

79. Defendants are therefore liable to Plaintiff for those attorneys' fees, witness fees, and reasonably necessary costs of litigation that are incurred by Plaintiff to obtain the benefits of the Policy.

80. Defendants carried out their bad faith conduct with a willful and conscious disregard of Plaintiff's the Rentalcover.com Class's rights, and/or subjected Plaintiff and putative class members to cruel and unjust hardship in conscious disregard of their rights.

81. Alternatively, Defendants' bad faith conduct constituted an intentional misrepresentation, deceit, and/or concealment. Defendants did so with the intention of depriving Plaintiff and the Rentalcover.com Class of their legal rights and/or causing them financial harm.

82. Defendants' conduct constitutes malice, oppression, and/or fraud under California Civil Code section 3294, entitling Plaintiff and the Rentalcover.com Class to punitive damages in an amount appropriate to punish or set an example of Defendants, and to deter future similar conduct.

**FIFTH CAUSE OF ACTION**

**(For Violations of Cal. Bus. & Prof. Code §§ 17200, *et. seq.*, Against All Defendants)**

83. Plaintiff re-alleges and incorporates by reference the allegations contained in the entirety of this Complaint as if fully set forth herein.

84. California's Unfair Competition Law, as codified by California Business & Professions Code sections 17200, *et seq.*, protects both consumers and competitors by promoting fair competition in commercial markets for goods and services. California's

Unfair Competition Law is interpreted broadly and provides a cause of action for any unlawful, unfair, or fraudulent business act or practice. Any unlawful, unfair, or fraudulent business practice that causes injury to consumers falls within the scope of California's Unfair Competition Law.

85. Defendants' acts and practices, as described herein, constitute unlawful or unfair business practices against Plaintiff and the Rentalcover.com Class, in violation of California Business and Professions Code section 17200, *et seq.*

86. These acts include, but are not limited to, Defendants denying insurance benefits promised under a duly entered contract to provide insurance benefits. Defendants were contractually obligated to pay benefits, but refused to do so after claims were made.

87. Defendants denied Plaintiff and putative class members insurance benefits because it was in the financial interest of Defendants to avoid payout of claims. Defendants knowingly and intentionally reaped this financial benefit, to the detriment of Plaintiff and the Rentalcover.com Class, by engaging in bad faith denials of insurance coverage.

88. Defendants' bad faith conduct unlawfully permitted it to engage in post-claims underwriting, in which the financial benefit of returning the policy premium would always outweigh paying out claims.

89. Defendants' pattern and practice of post-claims underwriting unlawfully, wrongly, and fraudulently allowed it to compete unfairly in the insurance industry and market, by avoiding the payout of claims that its competitors were making according to lawful insurance policies.

90. Defendants' bad faith conduct is oppressive, unconscionable, and substantially injurious to Plaintiff and the Rentalcover.com Class.

91. By reason of Defendants' fraudulent, deceptive, unfair, and other wrongful conduct, as alleged herein, Defendants violated California Business and Professions Code sections 17200, *et seq.*, by consummating an unlawful, unfair, and fraudulent business

practice, designed to deprive Plaintiff and the Rentalcover.com Class of the benefits of Defendants' services.

92. Defendants perpetrated these acts and practices against Plaintiff and the Rentalcover.com Class, and as a direct and proximate result of the foregoing, Plaintiff and the Rentalcover.com Class have suffered and continue to suffer damages in a sum to be determined at trial.

93. Pursuant to California Business and Professions Code section 17203, Plaintiff and the Rentalcover.com Class are entitled to restitution of all monies Defendants retained in the amount of insurance benefits that were due and owing to Plaintiff and the Rentalcover.com Class (with interest thereon), to disgorgement of all Defendants' profits arising out of their unlawful conduct (with interest thereon), and to be paid any other benefits due to Plaintiff and the Rentalcover.com Class under the contracts that Defendants wrongfully retained by means of its unlawful business practices.

94. Pursuant to California Code of Civil Procedure section 1021.5, Plaintiff and the Rentalcover.com Class are entitled to recover their reasonable attorney's fees in connection with Defendants' unfair competition claims, the substantial benefit doctrine, and/or the common fund doctrine.

## SIXTH CAUSE OF ACTION

### (For Unjust Enrichment Against All Defendants)

95. Plaintiff re-alleges and incorporates by reference the allegations contained in the entirety of this Complaint as if fully set forth herein.

96. Defendants induced, accepted, and/or encouraged Plaintiff and the Rentalcover.com Class to furnish valuable consideration to them in exchange for promised insurance benefits.

97. As a result of Defendants' bad faith conduct, as described above, in refusing to pay promised insurance benefits, Defendants have been, and will continue to be, unjustly

enriched at the expense of Plaintiff and the Rentalcover.com Class, by retaining insurance benefits, and the interest thereon, that are not lawfully theirs.

98. Defendants are holding funds rightfully belonging to Plaintiff and the Rentalcover.com Class, which in equity Defendants should not be permitted to keep.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Rentalcover.com Class, as applicable, respectfully requests that the Court enter judgment in his favor and against Defendants, as follows:

1. That the Court certify this action as a class action, proper and maintainable pursuant to Federal Rule of Civil Procedure 23, declare that Plaintiff is the proper class representative, and appoint Plaintiff's Counsel as Class Counsel;

2. That the Court grant permanent injunctive relief to prohibit Defendants from withholding insurance benefits under its individual travel protection insurance policy;

3. That the Court award Plaintiff and the Rentalcover.com Class all statutory damages, including, but not limited to, compensatory, consequential, and general damages in an amount to be determined at trial;

4. That the Court award statutory damages, trebled, and punitive or exemplary damages, to the extent permitted by law;

5. That the Court award Plaintiff and the Rentalcover.com Class all costs and expenses of the action, including, but not limited to, reasonable attorneys' fees;

6. That the Court award pre- and post-judgment interest at the maximum legal rate;

7. That the Court grant all such equitable relief as it deems proper and just, including, but not limited to, disgorgement and restitution; and

8. That the Court grant all such other relief as it deems just and proper.

//
//
//

Dated:  April 25, 2024

Respectfully submitted,
**LAW OFFICES OF WEBER & WEBER**

By: /s/ Christopher P. Carney
CHRISTOPHER P. CARNEY
*Attorneys for Plaintiff and the Putative Class*


## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all claims so triable.

Dated:  April 25, 2024

Respectfully submitted,
**LAW OFFICES OF WEBER & WEBER**

By: /s/ Christopher P. Carney
CHRISTOPHER P. CARNEY
*Attorneys for Plaintiff and the Putative Class*