UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 24-3401 PA (ASx) | Date | April 26, 2024 |
| Title | Naiki Yamada v. United States Fire Insurance Company, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS – COURT ORDER

The Court is in receipt of a Complaint filed by plaintiff Naiki Yamada ("Plaintiff") on behalf of himself and a putative class against defendants United States Fire Insurance Company, Crum & Forster Holding Corporation, Cover Genius Insurance Services, LLC (dba Rentalcover.Com), Darcy Rittinger, and Wesley Johnson (collectively "Defendants"). The Complaint alleges that the Court possesses jurisdiction over the action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by Congress and the Constitution. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). Federal subject matter jurisdiction may be based on diversity of citizenship pursuant to CAFA. See 28 U.S.C. § 1332(d)(2). To invoke diversity jurisdiction pursuant to CAFA, it must be established that at least one plaintiff and one defendant are citizens of different states, and that the aggregate amount in controversy exceeds $5,000,000 exclusive of interests and costs. Id.

Plaintiff alleges that he rented a car and purchased "collision damage protection" coverage provided by Defendants. However, after he was involved in an accident and damaged the rental vehicle such that he incurred a loss of $11,152.22, which was within the $35,000.00 limits of the insurance coverage he purchased. However, when he submitted a claim, it was denied and Defendants rescinded the policy after concluding that because the policy was "purchased by the rental company," it is "not transferable to the renter." (Compl. ¶ 25.) Plaintiff seeks to represent a class he defines as: "[A]ll persons who purchased CDP insurance from Rentalcover.com for which Rentalcover.com, or its principals or agents, denied coverage, rescinded the policy, and returned the premium because of alleged material concealments or misrepresentations arising from the premium payment for the policy being tendered by someone besides the named insured."[1] (Id. 32.)

---

[1]   It appears that the class is further limited only to those who purchased coverage within California because Plaintiff alleges that the "proposed statewide Rentalcover.com Class is so numerous and geographically dispersed over the state of California that joinder of all class members is impracticable." (Id. ¶ 33(a).)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-3401 PA (ASx) | Date | April 26, 2024 |
|---|---|---|---|
| Title | Naiki Yamada v. United States Fire Insurance Company, et al. | | |

    Plaintiff alleges in conclusory fashion that "the class contains more than 100 members, and the aggregate amount in controversy exceeds $5,000,000." (Id. ¶ 29.) Plaintiff additionally alleges, however, that he "does not know the exact number and identity of the proposed Rentalcover.com Class members, [but] is informed and believes that there are over 100 class members in the proposed class." (Id. ¶ 33(a).) Elsewhere, Plaintiff alleges that Defendants have not provided information "about the number of CDP claims Defendants deny in California or in the United States" but cites to a statement on Rentalcover.com's website indicating that it approves of 95% of its claims worldwide. (Id. ¶ 23 & n.2.)

    Despite Plaintiff's formulaic recitation of CAFA's jurisdictional requirements, it appears that Plaintiff may not have alleged plausible well-pleaded facts that support the Court's exercise of jurisdiction over this action. Given the likelihood that few of those who rent cars within California and purchase the insurance coverage are later involved in accidents and submit insurance claims, and then have those claims denied on the ground alleged in the class definition, Plaintiff appears to have failed to plausibly allege facts indicating that the class exceeds 100 members. Nor does the Complaint appear to allege well-pleaded facts concerning the amount of damages suffered and recoverable by members of the class to satisfy CAFA's amount in controversy requirement. The Court is therefore concerned that it lacks subject matter jurisdiction over this action. See United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co., 602 F.3d 1087, 1092 n.3 (9th Cir. 2010) ("Class-action claims filed in or removed to federal court under CAFA can be dismissed for lack of jurisdiction if those claims contain frivolous attempts to invoke CAFA jurisdiction or lack the expectation that a class may be eventually certified.")(citing Cunningham Charter Corp. v. Learjet, Inc., 592 F.3d 805, 807 (7th Cir. 2010)).

    For this reason, the Court orders Plaintiff to show cause in writing why this case should not be dismissed without prejudice for lack of subject matter jurisdiction. Plaintiff's response to the Order to Show Cause shall be filed by no later than May 9, 2024. The failure to timely and adequately respond to the Order to Show Cause may, without further warning, result in the dismissal of this action without prejudice.

    IT IS SO ORDERED.